## H. B. Walter et al., Partners as H. B. Walter & Co., v. Thomas Fisher.

1. MASTER AND SERVANT—*The Servant Assumes Only the Ordinary
Risks of the Employment.*—It is only the ordinary risks incident to an
employment that the servant assumes.

2. SAME—*What is Not an Ordinary Risk of an Employment.*—A
bricklayer, in the employ of contractors occupied in constructing the
walls of a coal vault which extended out from the main side of a build-
ing which they were erecting, to the line of the stone curbing of the
street in front of it, upon the assurance of the foreman that there was
no danger of the curbing stone falling, undertook to lay the brick of
the outer wall of such vault and while so doing was injured by the fall-
ing of the curbstone upon him. *It was held* that the risk of the stone's
falling was not one of the ordinary risks of his employment, and in this
case was not assumed by him when he entered into the employment of
such contractors.

Trespass on the Case, for personal injuries. Appeal from the Cir-
cuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER,
Judge, presiding. Heard in this court at the May term, 1901. Affirmed.
Opinion filed September 11, 1901.

D. D. EVANS and G. M. MCDOWELL, attorneys for appel-
lants.

WILSON & KENT and MABIN & CLARK, attorneys for ap-
pellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion
of the court.

This was an action on the case brought by appellee
against appellants in the Circuit Court of Vermilion
County to recover damages for his broken leg, alleged to

have been occasioned by their negligence in not furnishing him a reasonably safe place to work while in their employ.

Appellants pleaded not guilty; the case was tried by jury and resulted in a verdict and judgment in favor of appellee for $1,000, and to reverse the judgment appellants prosecute this appeal, and insist that the trial court gave improper instructions to the jury at the instance of appellee, and that the verdict and judgment are not supported by the evidence.

The evidence shows that appellants were contractors and builders of brick work and were engaged in building the brick foundation of a block in Charleston, Illinois, having in their employ there, among others, appellee, who was laying brick on the outer wall of a coal vault which extended out from the main side of the building to the line of stone curbing on the side of the street in front of it. The excavation for the coal vault was about seven feet deep, fifteen feet long, and twelve feet wide, and the outer wall was even with the stone curbing, which was about five inches thick and eighteen inches deep, and extended along the entire top of the clay constituting the outer side of the excavation for the coal vault. There was one or two inches of cinders between the clay wall which supported the stone curbing and the curbing, and there were no braces or other side supports to prevent the curbing from falling into the excavation for the vault, and when appellee was directed by the foreman of appellants, under whom he worked, to lay brick on the outer wall of the coal vault, he observed the stone curbing and inquired of the foreman if it was not dangerous for him to work under it, but the foreman told him to go ahead, it would not fall, and upon that assurance, he went to work laying brick on this outer wall.

While appellee was laying brick there, appellants had several thousand bricks piled in the street about two or three feet from this stone curbing, and appellee continued to lay brick there the entire afternoon without being molested. After he quit work that evening, appellant's

said foreman made an examination of this curbing along-side of the excavation, and permitted appellee to start to work there about seven o'clock the next morning with-out warning him of any danger from the curb falling upon him, nor did he, in any manner, brace it or otherwise secure it so that it could not fall. Appellee had not worked there more than half an hour that morning, before one of the stones of the curbing about six feet long, fell over sideways and then down upon him, breaking his leg.

Counsel for appellants insist that appellee saw the stone curbing there and how it was supported, as well as the foreman, and having gone to work there with full knowl-edge thereof, assumed all the risks of its falling upon him, and for that reason, ought not to be permitted to recover for the injuries he received thereby; while counsel for appellee contend that it was the duty of appellants to fur-nish appellee a reasonably safe place in which to work, and inasmuch as their foreman, with full knowledge of all the surroundings, ordered appellee to go to work there and assured him there was no danger of the curbing falling upon him, that he had a right to believe that it was not dangerous and therefore did not assume the increased risk of being hurt because no precaution was taken by appel-lants to brace the curbing or otherwise prevent it from falling upon him.

It was the duty of appellants to see that the curbing was reasonably secure from falling into the excavation when, through their foreman, they ordered appellee to work alongside of, and below it. As appellee had nothing to do with making the excavation or piling bricks along the side of it, he, in reason, would not be expected to investigate and ascertain the danger of the curbing falling without be-ing propped or otherwise secured, as were appellants, whose duty it was to observe carefully the condition of the curb-ing and how secure from falling it was, so that they might be able to determine what should be done to prevent such injury as was inflicted upon appellee. Illinois Steel Co. v. Schymanowski, 162 Ill. 447, and A. & A. R. R. Co. v. Maroney, 170 Ill. 530.

Appellee, when ordered by the foreman of appellants to lay brick alongside of the clay wall on top of which the unsecured stone curbing rested, was assured by the foreman that it would not fall upon him, and was thus induced to go and work there. His query to the foreman as to whether it was safe to do so, leads us to believe that he would not have done so but for such assurance, and therefore it would be unreasonable for us to presume that he assumed the increased hazard of being injured from part of the curbing falling upon him; for, as a bricklayer, he would not ordinarily have been exposed to such risk, and it is only the ordinary risks incident to an employment that the servant assumes.

We have examined appellee's two given instructions of which counsel for appellants complain, and do not find either of them are open to the objection which are urged against them.

After carefully examining all the evidence we are satisfied that it supports the verdict and that the result reached in this case does justice to both parties, so the judgment of the Circuit Court will be affirmed.